**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-40093
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JERALD GUY RAY

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:07-CR-1-1

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

The attorney appointed to represent Jerald Guy Ray has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Ray has filed a response and has also filed a motion for appointment of counsel. The record is insufficiently developed to allow consideration at this time of Ray's claim of ineffective assistance of counsel; such claims generally "cannot be resolved on direct appeal when [they have] not been raised before the district court since no opportunity existed to develop the record

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on the merits of the allegations." *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006) (internal quotation marks and citation omitted).

So, too, is Ray's claim of mental incapacity. Although the district court record suggests Ray may have suffered from Post-Traumatic Stress Disorder (PTSD), the record does not contain evidence that the PTSD rendered Ray "unable to understand the nature and consequences of the proceedings." 18 U.S.C. § 4241(d). The current record does not support an appellate argument that the district court failed to comply with its duty to ascertain Ray's competence to understand rationally the proceedings. *United States v. Sparks*, 2 F.3d 574, 584 (5th Cir. 1993).

Our independent review of the record, counsel's brief, and Ray's response discloses no nonfrivolous issue for appeal. Accordingly, the motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2. Ray's motion for appointment of counsel is DENIED.